IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

WESLEY MERRYMAN,

  Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC,

  Defendant.

Case No.  1:19-cv-00230

## COMPLAINT

NOW COMES Plaintiff, WESLEY MERRYMAN, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC., as follows:

### NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for alleged violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Texas Debt Collection Act ("TDCPA"), Tex. Fin. Code Ann. § 392 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

5. WESLEY MERRYMAN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Cleveland, Texas, 77327.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1)

1

8. DIVERSIFIED CONSULTANTS, INC. ("DCI"), a telecom-specific collection company, specializes in the bad debt recovery of wireless, landline, cable, satellite, utilities, and security arenas. It offers third party collection and pre-collection services; and resolves customers' delinquency and dispute issues. The company was founded in 1992 and is headquartered in Jacksonville, Florida. It has a satellite office in Portland, Oregon.

9. DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

10. DCI uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

11. DCI is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

12. DCI is a "third-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(1).

## FACTUAL ALLEGATIONS

13. In February 2019, Plaintiff started to receive phone calls from DCI seeking to collect Plaintiff's alleged unpaid Verizon Wireless balance.

14. This alleged balance owed Verizon Wireless is a "debt" as defined by 15 U.S.C. § 1692a(5).

15. This alleged balance owed Verizon Wireless is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2).

16. On several occasions, Plaintiff answered. Each time, Plaintiff requested that they stop calling as he works night shift, and was sleeping.

17. In spite of Plaintiff's requests, DCI continued to place phone calls to Plaintiff seeking to collect on behalf of Verizon Wireless.

18. In total, DCI has placed (or caused to be placed) no less than 25 unconsented-to phone calls to Plaintiff in spite of Plaintiff's multiple requests that they stop calling.

19. DCI's unconsented-to phone calls resulted in aggravation that accompanies unsolicited telephone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services, and wasting Plaintiff's time.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

20. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692d

21. Section 1692d provides:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15 U.S.C. § 1692d(5).

22. DCI violated 15 U.S.C. §§ 1692d(5) by calling Plaintiff on no less than 25 occasions in spite of Plaintiff's repeated requests that DCI stop calling.

23. DCI, INCS.'s behavior of repeatedly calling Plaintiff was abusive, harassing, and oppressive.

24. Plaintiff may enforce the provisions of 15 U.S.C. § 1692d(5) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that DCI violated 15 U.S.C. § 1692d(5);

B. an award of any actual damages sustained by Plaintiff as a result of DCI's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
## Texas Debt Collection Practices Act (Tex. Fin. Code Ann. § 392.001 *et. seq.*)

25. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann. § 392.302(4)

26. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

    (4)    causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

27. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) pursuant to Tex. Fin. Code Ann. § 392.403 which provides:

(a)    A person may sue for:

    (1)    injunctive relief to prevent or restrain a violation of this chapter; and

    (2)    actual damages sustained as a result of a violation of this chapter.

(b)    A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

WHEREFORE, Plaintiff requests the following relief:

A.    a finding that DCI violated Tex. Fin. Code Ann. §§ 392.302(4);

B.    an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.    an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.       an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

F.       an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: May 24, 2019                               Respectfully submitted,

**WESLEY MERRYMAN**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
Mohammed O. Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com